IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : |
| Plaintiff, | : Civil Action No. 3:08-1112 |
| v. | : |
| J.C. REED & COMPANY, INC., J.C. REED ADVISORY GROUP, LLC, BARRON A. MATHIS, AND ESTATE OF JOHN C. REED, LANA L. REED, Executrix | : Judge Haynes <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## FINAL JUDGMENT SETTING DISGORGEMENT AS TO DEFENDANT J.C. REED & COMPANY, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant J.C. Reed & Company, Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

# I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $11,000,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,910,003.07, for a total of $14,910,003.07. The Final Judgment shall be satisfied by the following: (i) distribution by Michael Gigandet (the "**Trustee**"), Chapter 7 trustee for the bankruptcy estate of J.C. Reed & Company, Inc. (the "**Bankruptcy Estate**"), of the funds received, on behalf of Plaintiff, from the Estate of John C. Reed, Lana L. Reed, Executrix (the "**Plaintiff's Probate Estate Funds**"), to investors as instructed by Plaintiff in its sole discretion; and (ii) distribution by the Trustee to investors as instructed by Plaintiff in its sole discretion of the funds payable to Plaintiff from the Bankruptcy Estate on account of Plaintiff's allowed claim in the Bankruptcy Case in the amount set forth in the Final Judgment (the "**Plaintiff's Bankruptcy Estate Funds**," and together with Plaintiff's Probate Estate Funds, the "**SEC Funds**"); provided, however, that the SEC Funds will be distributed to investors as instructed by Plaintiff in its sole discretion after payment (or reserving for payment) of the following: (a) a commission payable to the

2

Case 3:08-cv-01112   Document 67-1   Filed 02/25/13   Page 2 of 4 PageID #: 206
Case 3:08-cv-01112   Document 72   Filed 02/26/13   Page 2 of 4 PageID #: 229

Trustee in an amount calculated pursuant to the formula set forth in Section 326 of the Bankruptcy Code based on the portion of the SEC Funds received from the Probate Estate and distributed by the Trustee to investors as instructed by Plaintiff, and (b) any direct, out-of-pocket expenses incurred by the Trustee solely from distributing the SEC Funds to investors as instructed by Plaintiff. By making those payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Trustee's obligation to distribute the SEC Funds pursuant to the terms and conditions set forth in this Final Judgment shall be enforceable by this Court, and the Court retains exclusive jurisdiction to enforce the terms of the Consent and this Final Judgment.

3

Case 3:08-cv-01112 Document 67-1 Filed 02/25/13 Page 3 of 4 PageID #: 207
Case 3:08-cv-01112 Document 72 Filed 02/26/13 Page 3 of 4 PageID #: 230

## III.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _2-26-_, 2103

                                      WILLIAM J. HAYNES, JR.
                                      UNITED STATES DISTRICT JUDGE

4

Case 3:08-cv-01112   Document 67-1   Filed 02/25/13   Page 4 of 4 PageID #: 208
Case 3:08-cv-01112   Document 72   Filed 02/26/13   Page 4 of 4 PageID #: 231